UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| GREG J. A., | Case No. 6:20-cv-02114-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

ACOSTA, Magistrate Judge:

Plaintiff Greg J. A.[1] seeks judicial review of the final decision of the Commissioner of Social Security denying his application for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383(f). This court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). All parties have consented to allow a magistrate judge to enter

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case.

Page 1 – OPINION AND ORDER

final orders and judgment in this case in accordance with 28 U.S.C. § 636(c). For the following reasons, the Commissioner's decision is reversed and remanded for further proceedings.

## Procedural Background

On January 6, 2017, Plaintiff protectively filed an application for a period of disability and disability benefits, alleging disability beginning June 10, 2016, due to left foot disorder, left ankle disorder, left shoulder disorder, bilateral carpal tunnel syndrome, left finger fracture, spine disorder, schizoaffective disorder, and left cubital tunnel syndrome. Tr. Soc. Sec. Admin. R. ("Tr.") 18, 193, 195, ECF No. 14. Plaintiff's claims were denied initially and upon reconsideration. Tr. 121, 130. The ALJ held a hearing on January 24, 2020, at which Plaintiff appeared with his attorney and testified. Tr. 43. A vocational expert, Robert Simmons, also appeared and testified at the hearing. Tr. 16. On February 5, 2020, the ALJ issued an unfavorable decision. Tr. 31-32. Plaintiff sought review by the Appeals Council and submitted additional evidence in support of the appeal. Tr. 189-91. The Appeals Council denied Plaintiff's request for review, and therefore, the ALJ's decision became the final decision of the Commissioner for purposes of review.

## The ALJ's Decision

At step one the ALJ, found that Plaintiff has not engaged in substantial gainful employment since his application date of January 6, 2017. Tr. 18. At step two, the ALJ determined that Plaintiff has the following severe impairments: left foot disorder, left ankle disorder, left shoulder disorder, bilateral carpal tunnel syndrome, and left cubital tunnel syndrome. Tr. 18. At step three, the ALJ determined that Plaintiff's severe impairments did not meet or equal any listed impairment. Tr. 20. Reviewing all the evidence in the record, the ALJ determined Plaintiff has the residual functional capacity ("RFC") to perform light work, with the following additional

limitations: he is limited to frequent climbing of ramps and stairs; frequent balancing; occasional climbing of ladders, ropes, or scaffolds; occasional crawling; no overhead reaching with the left upper extremity and frequent reaching in all other directions with the left upper extremity; frequent reaching in all directions with the right upper extremity; frequent bilateral handling, fingering and feeling with the left upper hand; and occasional handling, fingering, and feeling with the right dominant hand. Tr. 20-21.

At step four, the ALJ determined that Plaintiff is unable to perform any past relevant work. Tr. 30. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform, including such representative occupations as counter clerk with 20,000 jobs nationwide, usher with 23,000 jobs nationwide, and sandwich board carrier with 11,000 jobs nationwide. Tr. 31. Therefore, the ALJ found that Plaintiff was not disabled from January 6, 2017, through the date of the decision and denied Plaintiff's application for disability benefits. Tr. 31.

### Issues on Review

Plaintiff argues the ALJ's step five decision is not supported by substantial evidence. Specifically, Plaintiff argues the new evidence submitted to the Appeals Council shows that the jobs identified by the vocational expert do not exist in significant numbers, and therefore, the ALJ's step five finding is not supported by substantial evidence and must be remanded. The Commissioner responds that the ALJ's decision is supported by substantial evidence and is free of harmful legal error.

### Standard of Review

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42

U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation and citation omitted); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020); *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). To determine whether substantial evidence exists, the court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Trevizo*, 871 F.3d at 675; *Garrison*, 759 F.3d at 1009. "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)). "[W]hen a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012).

*Discussion*

I.   Number of Available Jobs Conflict

   A.   Preserving the Job Number Challenge for Appeal

During step five of the evaluation process, after the ALJ has determined the claimant cannot perform past relevant work, the ALJ must determine if the claimant is capable of performing other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1520(a). ALJ's often seek the expertise of "vocational experts" (VE), for guidance on such

issues.  *Biestek*, 139 S.Ct. at 1152.  The VE's are professionals under contract with the Social Security Administration to provide impartial testimony in agency proceedings.  *Id.*

When the VE testifies at the ALJ hearing they discuss "what jobs the claimant, given his or her residual functional capacity, would be able to do" and "the availability of such jobs in the national [or regional] economy."  *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999).  The testimony given by the VE "is regarded as inherently reliable, [therefore], there is no need for an ALJ to assess its reliability."  *Buck v. Berryhill*, 869 F.3d 1040, 1051 (9th Cir. 2017).  However, this does not mean that "VE testimony is not incontestable."  *Id.*  For example, if the *Dictionary of Occupational Titles* conflicts with the VE testimony "the ALJ must then determine whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the *Dictionary of Occupational Titles*."  *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007).

Additionally, a claimant can challenge a vocational expert's testimony.  *See Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2018).  If a claimant submits job numbers that display a "vast discrepancy [with] the VE's job numbers . . . presumably from the same source," the discrepancy cannot be ignored and the "inconsistency in the record must be addressed by the ALJ on remand."  *Buck*, 869 F.3d at 1052.

In *Shaibi*, the Ninth Circuit held that "when a claimant fails entirely to challenge a vocational expert's job numbers during administrative proceedings before the agency, the claimant forfeits such a challenge on appeal, at least when that claimant is represented by counsel."  *Shaibi*, 883 F.3d at 1109.  To challenge the VE testimony "[i]t is enough [for claimant's counsel] to raise the jobs-number issue in a general sense before the ALJ."  *Id.* at 1110.  Raising the issue "in a general sense" may include "inquiring as to the evidentiary basis for a VE's estimated jobs

Page 5   – OPINION AND ORDER

numbers, or inquiring as to whether those numbers are consistent with [County Business Patterns], [Occupational Outlook Handbook], or other sources listed in 20 C.F.R. § 404.1566(d)." *Id.* at 1110. When the issue is raised, the ALJ may permit the claimant to submit a supplemental brief or interrogatories disputing the VE's job numbers with claimant's own numbers. *Id.* If the ALJ does not request such a brief, then the claimant may raise new evidence casting doubt on the VE's job numbers before the Appeals Council, so long as the evidence is "both relevant and relates to the period on or before the ALJ's decision." *Id.*

Plaintiff's counsel raised the job numbers issue during the ALJ hearing on January 24, 2020. Tr. 66. Counsel asked the testifying VE "what are the sources of your job numbers?" Tr. 66. The VE responded that the job numbers where from "The Department of Labor Occupation Employment Statistics out of the Job Browser Pro." Tr. 66. This question asked for the evidentiary basis of the VE's estimated job numbers. *Shaibi*, 883 F.3d at 1110. The ALJ did not subsequently ask for a supplemental brief regarding the job numbers. *See* Tr. 66-67. Counsel then submitted new evidence casting doubt on the VE's testimony to the Appeals Council. Tr. 297. The contrasting job numbers from Job Browser Pro submitted by plaintiff's attorney were both relevant and relate to the period on or before the ALJ's decision. Therefore, the court concludes the job numbers challenge was preserved for appeal. *See Shapiro v. Saul*, 833 F. App'x 695, 696 (9th Cir. 2021) (holding plaintiff did not preserve the job numbers challenge because plaintiff's counsel did not "cross-examine the VE during the hearing, and [plaintiff did] not argue that she requested an opportunity to submit interrogatories or supplemental briefing for the ALJ to consider. Instead plaintiff only submitted new job numbers to the Appeals Council); *Robert U v. Kijakazi*, Case No. 3:20-cv-1817-SI, 2022 WL 326166, at *8 (D. Or. Feb. 3, 2022) (holding "Plaintiff preserved his argument by questioning the VE during the hearing and then submitting

Page 6 – OPINION AND ORDER

supplemental evidence to the Appeals Council"); *Robert K. v. Comm'r Soc. Sec. Admin.*, Case No. 3:20-cv-01654-MK, 2021 WL 5745992, at *4 (D. Or. Dec. 2, 2021) (holding "[b]ecause Plaintiff could only have asked the VE about the source of her estimates during the hearing, the Court finds that Plaintiff sufficiently raised the job-numbers issue in a general sense before the ALJ"); *Ashley W. v. Kijakazi*, Case No. 3:20-cv-00823-JR, 2021 WL 4635799, at *5 (D. Or. Oct. 7, 2021) (holding that plaintiff submitting "rebuttal evidence in a post-hearing brief, addressed to the ALJ, during the administrative proceedings, that directly challenged the VE's testimony" preserved the Plaintiff's challenge); *Christopher C. v. Comm'r Soc. Sec. Admin.*, Case No. 2:20-cv-01025-HZ, 2022 WL 305366, at *5 (D. Or. Jan. 31, 2022) (holding because "counsel did not even generally inquire into the number of positions the VE reported to be available in the national economy . . . the Appeals Council did not err in declining to consider Plaintiff's new evidence").

    B.      *Significant Job Numbers*

"When the Appeals Council considers new evidence in deciding whether to review decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes*, 682 F.3d at 1163.[2]

Plaintiff argues that the job numbers in the new evidence provided to the Appeals Council do not represent the "significant number" needed to satisfy the Commissioner's burden at step five. The VE testified during the hearing that an individual with the limitations described in

---

[2] Here, the Appeals Council listed the additional evidence in its decision and found "this evidence does not show a reasonable probability that it would change the outcome of the decision." Tr. 5. It then stated that it "did not exhibit this evidence." Tr. 5. However, the evidence is contained in the record before the court. Tr. 37-42. The parties do not dispute that the court should consider this evidence consistent with *Brewes*. Pl.'s Br. at 5; Def.'s Br. at 3.

Page 7 – OPINION AND ORDER

Plaintiff's RFC could perform the jobs of counter clerk, usher, and sandwich board carrier. Tr. 62-63. The VE testified that there were 20,000 counter clerk positions, 23,000 usher positions, and 11,000 sandwich board carrier positions available, totaling 54,000 jobs in the national economy. Tr. 62-63. In the new evidence submitted to the Appeals Council, Plaintiff provided that he found there were 2,428 positions for "sandwich board carrier," 1,527 positions for "counter clerk," and 6,071 positions for "usher," for a total of 10,026 jobs in the national economy when he consulted Job Browser Pro. Tr. 38, 41, Pl.'s Br. at 2. As stated above if a claimant submits job numbers that display a "vast discrepancy [with] the VE's job numbers . . . presumably from the same source," the discrepancy cannot be ignored and the "inconsistency in the record must be addressed by the ALJ on remand." Buck, 869 F.3d at 1052. There is a vast discrepancy between 54,000 jobs and 10,026 jobs in the national economy.

Even though there may be a discrepancy between the job numbers testified to by the VE and the new job numbers submitted by Plaintiff to the Appeals Council, the error may be harmless if 10,026 is still a significant number of jobs in the national economy. "If there are not sufficient numbers of these jobs, this error would not be harmless." Id. at 1051 n.2.

Although the Ninth Circuit has not "set out a bright-line rule for what constitutes a 'significant number' of jobs," it has signaled 25,000 jobs in the national economy was a "close call." Gutierrez, 740 F.3d at 528-29. In an unpublished decision interpreting Gutierrez, the Ninth Circuit rejected 10,000 as a significant number. Randazzo v. Berryhill, 725 F. App'x 446, 448 (9th Cir. 2017). Moreover, courts in this district have found 11,000 jobs was not a significant number. Lisa L. v. Comm'r of Soc. Sec., Case No. 3:17-cv-01874-AA, 2018 WL 6334996, at *4 (D. Or. Dec. 5, 2018) (holding that "that 11,084 jobs [did] not meet the significant number standard"); Watkins v. Comm'r Soc. Sec. Admin., Case No. 6:15-cv-01539-MA, 2016 WL

Page 8 – OPINION AND ORDER

4445467, at *7 (D. Or. Aug. 22, 2016) (holding that "11,000 [] jobs in the national economy does not represent a significant number").

Accordingly, the court concludes that job numbers totaling 10,026 is not a significant number in the national economy, and the ALJ's step five finding is not supported by substantial evidence; the ALJ has erred.

II.     Remand for Further Proceedings

The decision whether to remand for further proceedings or for the immediate payment of benefits lies within the discretion of the court. *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1101-02 (9th Cir. 2014). A remand for award of benefits is generally appropriate when: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed, there are no outstanding issues that must be resolved, and further administrative proceedings would not be useful; and (3) after crediting the relevant evidence, "the record, taken as a whole, leaves not the slightest uncertainty" concerning disability. *Id.* at 1100-01 (internal quotation marks and citations omitted); *see also Dominguez v. Colvin*, 808 F.3d 403, 407-08 (9th Cir. 2015) (summarizing the standard for determining the proper remedy). The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1178 n.7 (9th Cir. 2000).

Plaintiff argues that the ALJ's decision contains errors of law and therefore should be reversed and remanded for further proceedings. Here, the ALJ relied on the vocational expert's testimony that there were 54,000 jobs in the national economy that Plaintiff could perform, and the conflicting evidence provided by Plaintiff to the Appeals Council shows a vast discrepancy in the job numbers. This discrepancy between the VE's job numbers and those tendered by Plaintiff

Page 9 – OPINION AND ORDER

must be resolved. Because it is not clear whether a significant number of jobs exist in the national economy that Plaintiff can perform, the case must be remanded for additional proceedings.

On remand, the ALJ should review the evidence submitted to the Appeals Council to address the inconsistency in the record and provide Plaintiff an additional hearing with vocational testimony to resolve the dispute, if desired.

## *Conclusion*

Based on the foregoing, pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision REVERSED and REMANDED for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED this 18th day of March, 2022.

_____
JOHN V. ACOSTA
United States Magistrate Judge